IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JASON MICHAEL PERUCCI,

   Petitioner,

 v.

BRIAN BELLEQUE,

   Respondent.

Civil No. 09-352-PA

OPINION AND ORDER

 Thomas J. Hester
 Assistant Federal Public Defender
 101 S.W. Main Street, Suite 1700
 Portland, Oregon 97204

  Attorney for Petitioner

 John R. Kroger
 Attorney General
 Andrew Hallman
 Assistant Attorney General
 Department of Justice
 1162 Court Street NE
 Salem, Oregon 97310

  Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges the legality of his underlying state convictions for Manslaughter in the Second Degree. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

Petitioner was convicted by a jury in Curry County of two counts of second-degree Manslaughter for recklessly causing a fatal automobile collision. As a result, the trial court sentenced petitioner to 150 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's Judgment without opinion, and the Oregon Supreme Court denied review. *State v. Perucci*, 187 Or. App. 280, 67 P.3d 998, *rev. denied* 335 Or. 654, 74 P.3d 1084 (2003).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on his claims. The Oregon Court of Appeals affirmed this decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Perucci v. Blacketter*, 218 Or. App. 229, 179 P.3d 752, *rev. denied* 344 Or. 401, 182 P.3d 200 (2008).

Petitioner filed his federal Petition for Writ of Habeas Corpus on April 3, 2009. The parties agree that petitioner failed

2 - OPINION AND ORDER

to file his Petition within the applicable one-year statute of limitations, but disagree as to whether petitioner is entitled to equitable tolling.

## **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996 and provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. 28 U.S.C. 2244(d)(1). According to respondent's calculation, petitioner allowed 525 untolled days to pass prior to filing this action, thereby placing the Petition well outside the applicable 365-day limitation period.

Petitioner does not disagree with this calculation, but argues that he is entitled to equitable tolling of AEDPA's statute of limitations because: (1) he was transferred to different institutions within the Oregon Department of Corrections on four occasions over the course of more than eight years; and (2) he did not receive adequate assistance from inmate legal assistants or from the prisons' outdated libraries.

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace*

3 - OPINION AND ORDER

*v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Following the conclusion of petitioner's direct appellate proceedings, he waited 218 days to file his PCR action. During these 218 days, he was housed at the Eastern Oregon Correctional Institution, where he had also been housed for 562 days prior to the conclusion of his direct appeal. With respect to the filing of his federal habeas action, petitioner had 147 days to do so after the conclusion of his PCR action, and he was housed at the Oregon State Penitentiary for all 147 of these days. In addition, petitioner was housed at this same Institution for 484 days prior to the time his 147 days even began to run. Thus, the prison transfers petitioner describes in his Affidavit in no way impeded his ability to diligently proceed with this case and timely file his Petition. "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 348, 396 (2007).

With respect to petitioner's allegation that he had inadequate law library access and inadequate help from in mate legal assistants thereby hindering his access to the court, petitioner is

4 - OPINION AND ORDER

not entitled to equitable tolling where he was allowed 4-5 hours per week for legal research, and where he enjoyed court-appointed counsel at every stage of his direct appeal, every stage of his PCR action, and during this federal habeas corpus. *See United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982) (offer of court-appointed counsel is sufficient to satisfy inmate's right of access to the courts, even if the law library at his prison is inadequate).

Although petitioner makes an alternative request for an evidentiary hearing on the issue of equitable tolling, he is not entitled to such a hearing. "A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006) (italics removed) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003). Here, petitioner has not provided the court with any allegation that, if proven true during an evidentiary hearing, would entitle him to equitable tolling. Accordingly, the court declines to hold an evidentiary hearing, and concludes that equitable tolling is not appropriate in this case.

## CONCLUSION

Because petitioner failed to timely file this case, the Petition for Writ of Habeas Corpus (#2) is DISMISSED. The court declines to issue a Certificate of Appealability on the basis that

5 - OPINION AND ORDER

petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 16 day of December, 2010.

*[signature]*
Owen M. Panner
United States District Judge

6 - OPINION AND ORDER